﻿Citation Nr: AXXXXXXXX
Decision Date: 04/30/20 Archive Date: 04/30/20

DOCKET NO. 190717-15997
DATE: April 30, 2020

ORDER

Entitlement to service connection for hypertension is granted.

REMANDED

Entitlement to service connection for obstructive sleep apnea, including as secondary to service-connected post-traumatic stress disorder (PTSD) is remanded.

Entitlement to service connection for right carpal tunnel syndrome is remanded.

Entitlement to service connection for left carpal tunnel syndrome is remanded.

FINDING OF FACT

The Veteran’s hypertension is etiologically related to herbicide exposure. 

CONCLUSION OF LAW

The criteria for service connection for hypertension have been met. 38 U.S.C. §§ 1110, 1131, 5107 (2018); 38 C.F.R. §§ 3.102, 3.303 (2019).

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from November 1969 to March 1977, including service in the Republic of Vietnam.

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). That law created a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review.

The Veteran filed a timely notice of disagreement with the August 2017 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) that denied entitlement to service connection for hypertension and sleep apnea, and continued prior denials of the claims of entitlement to service connection for right and left hand carpal tunnel syndrome. The Veteran was issued a statement of the case addressing those issues in June 2019. The Veteran opted to have those claims considered by the Board of Veterans’ Appeals (Board) under the AMA in a July 2019 VA Form 10182, Decision Review Request: Board Appeal. At that time, the Veteran elected the evidence submission review option. Therefore, the Board will consider the evidence of record at the time of the June 2019 statement of the case, and the evidence submitted in support of the claim for the 90-day period beginning July 11, 2019, date of receipt of the VA Form 10182. 

Service Connection – Hypertension 

The Veteran has asserted that he has hypertension as a result of his active service.

Treatment records show a diagnosis of hypertension and ongoing treatment for such since at least 2003. 

Additionally, the Board concedes herbicide agent exposure as due to the Veteran’s service in the Republic of Vietnam. Although hypertension is not presumptively related to herbicide exposure, 38 C.F.R. § 3.309 (e) (2019), the National Academy of Sciences recently determined that there is “sufficient” epidemiologic evidence to conclude that there is a positive association between hypertension and herbicide exposure.

In October 2019, a private physician reviewed the Veteran’s claim file and relevant medical literature and opined that the Veteran’s hypertension is at least as likely as not caused by exposure to herbicides. There is no contrary opinion of record. 

Accordingly, the Board finds that the evidence for and against the claim is at least in equipoise. Therefore, the benefit of the doubt must be resolved in favor of the Veteran, and entitlement to service connection for hypertension is warranted. 38 U.S.C. § 5107 (b) (2018); Gilbert v. Derwinski, 1 Vet. App. 49 (1990). 

REASONS FOR REMAND

The remaining issues are remanded to correct duty to assist errors that occurred prior to the June 2019 SOC.

Service Connection – Sleep Apnea 

A May 2017 VA examiner opined that “it is as likely as not that [the Veteran] had sleep apnea since high school, which continued while in service and up to the present. It is not reported in the literature that PTSD causes sleep apnea. The PTSD is a comorbidity to his sleep apnea, but not the cause.”

That opinion is inadequate. First, the examiner failed to opine as to whether the Veteran’s sleep apnea was aggravated by his PTSD. The Courts have observed that when VA is deciding such a case on the basis of “aggravation,” language “not due to,” “not caused by,” or “not related to” a service-connected disability is insufficient. See El-Amin v. Shinseki, 26 Vet. App. 136, 140 (2013).

Second, the May 2017 examiner failed to apply the clear and unmistakable evidence standard in opining that the Veteran’s sleep apnea preexisted his active duty. The Veteran’s service treatment records do not contain a notation of sleep apnea; consequently, he is considered to have been in sound condition upon entry into service. 38 C.F.R. § 3.304 (b). This presumption may be rebutted only with clear and unmistakable evidence that the sleep apnea both preexisted and was not aggravated by service.

Therefore, remand is necessary to obtain an adequate opinion.

Service Connection – Carpal Tunnel Syndrome 

The RO afforded the Veteran a VA peripheral nerves examination in February 2019, but the examiner did not opine as to the etiology of the diagnosed carpal tunnel syndrome. Consequently, the examination report is inadequate. The Board finds that a new examination is warranted.

These matters are REMANDED for the following action:

1. Obtain an addendum medical opinion regarding the Veteran’s claimed sleep apnea. Based on a review of the record, including the Veteran’s lay statements, the examiner should render the following opinions:

Did the Veteran’s sleep apnea clearly and unmistakably preexist the Veteran’s active service, and if so, was sleep apnea clearly and unmistakably NOT aggravated by service? In forming the opinion, the examiner is advised that “clear and unmistakable” means that the conclusion is undebatable, unconditional, and unqualified, and cannot be misinterpreted or misunderstood.

If the Veteran’s sleep apnea did NOT clearly and unmistakably exist prior to service, is it at least as likely as not (50 percent probability or greater) that sleep apnea is etiologically related to active service? 

If he Veteran’s sleep apnea did NOT clearly and unmistakably exist prior to service, is it at least as likely as not (50 percent probability or greater) that sleep apnea was caused or aggravated by the Veteran’s service-connected PTSD? 

A complete rationale for all opinions must be provided. Another VA examination of the Veteran should only be conducted if deemed necessary by the examiner providing the requested medical opinions.

2. Obtain an addendum medical opinion regarding the Veteran’s claimed carpal tunnel syndrome. Based on a review of the record, including the Veteran’s lay statements, the examiner must provide an opinion as to whether it is at least as likely as not (50 percent probability or greater) that the right and/or left carpal tunnel syndrome is etiologically related to active service. 

A complete rationale for all opinions must be provided. Another VA examination of the Veteran should only be conducted if deemed necessary by the examiner providing the requested medical opinion.

 

 

Kristin Haddock

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Roya Bahrami, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.